## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **MAJID ABLA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 11-1231-JWL** |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security disability benefits (SSD) and Supplemental Security income (SSI) under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the Commissioner's evaluation of the medical opinions, the court ORDERS that the decision is REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

## I.     Background

Plaintiff applied for SSD and SSI in February and March 2008, alleging disability beginning March 3, 2002. (R. 11, 189-202). The applications were denied initially and

upon reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge (ALJ). (R. 11, 67-70, 107). Plaintiff's request was granted, and Plaintiff appeared without counsel for a hearing before ALJ Michael R. Dayton on June 18, 2009. (R. 11, 29-66). At the hearing, Plaintiff appeared with his mother, Therese Abla, who is neither an attorney nor a practicing Social Security representative, and after being advised of his right to representation, he chose to proceed with his mother as his representative. (R. 11, 31-32). Testimony was taken from Plaintiff and from a vocational expert. (R. 11, 29-66).

ALJ Dayton issued his decision on December 4, 2009. He noted that Plaintiff had twice previously applied for SSD and SSI, on April 23, 2002, and August 24, 2004, and that those applications were denied on April 5, 2004, and April 21, 2007 respectively.[1] (R. 11). The ALJ recognized that Plaintiff's allegation of disability during the period covered by the earlier decisions constituted an implied request for reopening of those decisions. (R. 14). Based upon the prior denials, the ALJ applied the doctrine of administrative res judicata, denied the implied request for reopening, dismissed Plaintiff's applications to the extent they seek disability on or before April 21, 2007, and found that April 22, 2007 "is the earliest date on which the issue of disability can be considered in this decision." Id. He specifically noted that his discussion in the current decision

_____

[1]The court notes that Plaintiff sought judicial review in the United States District Court for the District of Kansas of the Commissioner's April 21, 2007 decision on the August 24, 2004 application, and that the court found no errors in the decision and entered judgment denying Plaintiff's appeal. Abla v. Astrue, No. 08-1140-JTM, 2009 WL 1873990 (D. Kan. June 30, 2009).

regarding evidence relating to the earlier adjudicated periods was only used as a foundation for his consideration of the credibility of Plaintiff's allegations of symptoms and was not an implied reopening of the earlier decisions.  (R. 14).  As the Commissioner notes, this court is without jurisdiction to review the Commissioner's decision not to reopen an earlier decision.  White v. Schweiker, 725 F.2d 91, 93 (10th Cir. 1984) (citing Califano v. Sanders, 430 U.S. 99, 107-08 (1977)).  The court notes that this court's decision of June 30, 2009 also constitutes res judicata as to the period covered by the Commissioner's April 21, 2007 decision.  Moreover, Plaintiff does not argue differently, and the court will review only the Commissioner's decision regarding the issue of disability on and after April 22, 2007.

The ALJ determined that Plaintiff has severe impairments of chronic osteomyelitis of the right knee, arthritis of the right wrist, and antiphospholipid syndrome, but that his impairments do not meet or medically equal the severity of any listed impairment.  (R. 14-15).  The ALJ considered the record evidence, the credibility of Plaintiff's allegations of symptoms, and the medical opinions, and assessed Plaintiff with the residual functional capacity (RFC) for a limited range of sedentary work, finding that Plaintiff can lift and/or carry only 15 pounds occasionally and 10 pounds frequently, can stand and/or walk no longer than 30 minutes at a time, can sit no longer than 60 minutes at a time; can only occasionally bend and stoop or climb ramps and stairs; and cannot kneel, crouch, crawl, climb ladders, ropes, or scaffolds, or be exposed to hazards such as machinery and heights.  (R. 15-21).  He found that Plaintiff cannot perform any past relevant work, but

that when considering his age, education, work experience, and RFC there are a significant number of jobs in the economy that Plaintiff can perform. (R. 22-23). Therefore, he concluded that Plaintiff was not disabled within the meaning of the Act, and denied his applications. (R. 23). Plaintiff secured representation by an attorney after the hearing decision, submitted a statement from his attorney along with a medical opinion regarding the period of the alleged disability, and sought Appeals Council review of the ALJ's decision. (R. 5-7, 183-84, 595-96). The Appeals Council issued an order making the attorney's statement and the medical opinion a part of the record evidence, but found that evidence did not provide a basis to change the ALJ's decision, found no reason under the rules of the Social Security Administration (SSA) to review the ALJ's decision, and denied the request for review. (R. 1-4). Therefore, the ALJ's decision is the final decision of the Commissioner. (R. 1); Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006). Plaintiff now seeks judicial review of the Commissioner's decision. (Doc. 1).

## II.    Legal Standard

The court's jurisdiction and review are guided by the Act. Weinberger v. Salfi, 422 U.S. 749, 763 (1975) (citing 42 U.S.C. § 405(g)); Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (same); Brandtner v. Dep't of Health and Human Servs., 150 F.3d 1306, 1307 (10th Cir. 1998) (sole jurisdictional basis in social security cases is 42 U.S.C. § 405(g)). Section 405(g) of the Act provides for review of a final decision of the Commissioner made after a hearing in which the Plaintiff was a party. It also provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by

substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).  The court must determine

whether the factual findings are supported by substantial evidence in the record and

whether the ALJ applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084

(10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).

Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such

evidence as a reasonable mind might accept to support a conclusion.  Wall, 561 F.3d at

1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).  The court may "neither

reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v.

Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health &

Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395

F.3d 1168, 1172 (10th Cir. 2005).  Whether substantial evidence supports the

Commissioner's decision is not simply a quantitative exercise, for evidence is not

substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.

Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

     An individual is under a disability only if that individual can establish that he has a

physical or mental impairment which prevents him from engaging in any substantial

gainful activity, and which is expected to result in death or to last for a continuous period

of at least twelve months.  Thompson v. Sullivan, 987 F.2d 1482, 1486 (10th Cir. 1993)

(citing 42 U.S.C. § 423(d)); see also, Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir.

1985) (quoting identical definitions of a disabled individual from both 42 U.S.C.

§§ 423(d)(1) and 1382c(a)(3)(A));  accord, Lax, 489 F.3d at 1084 (citing 42 U.S.C.

§§ 423(d)(1)(A), 1382c(a)(3)(A)).  The claimant's impairments must be of such severity that he is not only unable to perform his past relevant work, but cannot, considering his age, education, and work experience, engage in any other substantial gainful work existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner uses a five-step sequential process to evaluate disability.  20 C.F.R. §§ 404.1520, 416.920 (2009); Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. §§ 404.1520(e), 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining whether claimant can perform past relevant work; and whether, considering vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).

6

In steps one through four the burden is on the claimant to prove a disability that prevents performance of past relevant work.  Blea, 466 F.3d at 907; accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy within Plaintiff's capability.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff makes numerous claims of error in the decision at issue.  He claims that the ALJ's credibility determination is not supported by substantial record evidence, that the ALJ erred in failing to accord greater weight to the treating physicians' opinions than to the opinions of the state agency nonexamining physicians, that the ALJ has a duty to re-contact the treating physicians and failed to meet that obligation, that the ALJ's RFC assessment is not supported by substantial record evidence because it does not include the requirement that Plaintiff use a cane or any limitations on Plaintiff's use of his hands and fingers to handle, finger, or feel.  Finally, Plaintiff claims the ALJ erred at step five of the sequential evaluation process because the representative jobs relied upon by the ALJ cannot be performed by someone such as Plaintiff who must use a cane and because all sedentary jobs are eliminated by Plaintiff's need to alternate positions frequently as opined by Dr. Hartman.  The Commissioner provides the counterpoint to each of Plaintiff's claims, arguing that substantial record evidence supports the credibility determination, that the ALJ appropriately evaluated all of the medical opinions, that the ALJ need not have re-contacted the treating physicians because the ALJ found that their opinions were adequate for his consideration but that their opinions should be discounted

because they were simply unpersuasive and unsupported, and that the ALJ's RFC assessment is supported by substantial evidence because use of a cane does not preclude performance of sedentary work and because no evidence supports handling or fingering limitations.  The Commissioner also argues that the ALJ's step five finding is supported by the vocational expert's testimony.  The court finds that the ALJ erred in weighing the medical opinions because he did not explain the ambiguity regarding the necessity of Plaintiff use of a cane and how that use, if any, would affect his ability to work.  Because the court finds remand is necessary to explain how use of a cane fits into the decision, it need not address Plaintiff's remaining allegations of error.  Plaintiff may make those arguments to the Commissioner on remand.

## III.    Evaluation of the Medical Opinions

Plaintiff claims the ALJ erroneously accorded greater weight to the medical opinion of the state agency nonexamining[2] physicians, Dr. Coleman and Dr. Warren, and to the opinion of the nontreating physician, Dr. Miller, than to the opinions of Plaintiff's treating physicians, Dr. Hartman and Dr. Holdeman.  (Pl. Br. 14-18)  He argues this is so because the opinions of nontreating physicians, such as Dr. Miller, are entitled to less

---

[2]The regulations define three types of "acceptable medical sources:"

"Treating source:"  an "acceptable medical source" who has provided the claimant with medical treatment or evaluation in an ongoing treatment relationship.  20 C.F.R. §§ 404.1502, 416.902.

"Nontreating source:"  an "acceptable medical source" who has examined the claimant, but never had a treatment relationship.  Id.

"Nonexamining source:"  an "acceptable medical source" who has not examined the claimant, but provides a medical opinion.  Id.

weight than are the opinions of treating physicians; because the opinions of nonexamining physicians such as Dr. Coleman and Dr. Warren who did not examine Plaintiff but only reviewed the record evidence "are entitled to the least weight of all;" because the opinions of Drs. Coleman and Warren were presented in "checkbox" forms without thorough written reports or persuasive testimony; because each the opinions were rendered without the benefit of the medical evidence produced thereafter, including Dr. Hartman's November 2008 opinion and Dr. Grant's letter opinion; and because Dr. Miller did not render any opinion regarding functional limitations. Id. at 14. He argues, "The ALJ should have given the opinions of Dr. Hartman and Dr. Holdeman the greatest weight, if not controlling weight." Id. at 15.

Of particular note to the court in this regard is Plaintiff's arguments regarding his use of a cane for walking. He argues that, contrary to the decision, Dr. Holdeman's opinion that Plaintiff cannot walk without assistance of a cane is objective evidence of Plaintiff's functional limitations. Id. He points to Dr. Hartman's opinion that Plaintiff uses a cane. (Pl. Br. 17). In his argument that the RFC assessed by the ALJ is not supported by substantial record evidence, Plaintiff once again returns to the medical opinions regarding use of a cane. (Pl. Br. 19-20). He argues that use of a cane is a medical necessity for Plaintiff, and points to Dr. Miller's statement to that effect and to Dr. Hartman's and Dr. Holdeman's opinions that Plaintiff needs a cane. He also notes that Dr. Warren opined that Plaintiff needs a cane. He then argues that Plaintiff is unable

to carry anything while standing or walking due to his use of a cane, and that it was error for the ALJ not to include the need for a cane in the RFC assessment.

The Commissioner argues that the ALJ properly weighed the medical opinions and that substantial record evidence supports the ALJ's summary of the opinions and the weight accorded the opinions.  With regard to use of a cane, the Commissioner argues that Dr. Holdeman did not mention a need for a cane in his opinion and that the doctors who mentioned the need for a cane did not describe the circumstances where a cane was necessary.  (Comm'r Br. 10).  He argues that although Dr. Warren acknowledged Plaintiff's use of a cane, he nonetheless concluded that Plaintiff could perform sedentary work with limitations similar to those assessed by the ALJ.  Id. at 10-11.  He cites Social Security Ruling (SSR) 96-9p for the proposition that if a cane is needed only for prolonged walking or walking on uneven terrain, the unskilled sedentary occupational base will not generally be significantly eroded, and argues that based upon "the indeterminate nature of Plaintiff's need for use of a cane and the [ALJ's] credibility analysis, the ALJ was not required to include a need for a cane in the RFC."  (Comm'r Br. 10-11).

**A.      The ALJ's Consideration of the Medical Opinions**

The ALJ stated that he was unable to give either "controlling weight" or "substantial weight" to the treating source opinions of Dr. Hartman and Dr. Holdeman (R. 18-19), but he gave "substantial weight" to Dr. Miller's opinions and "significant weight"

to the opinions of Dr. Warren and Dr. Coleman.  (R. 21).  Earlier in the opinion, the ALJ summarized and discussed each of these physicians' opinions.

The ALJ noted that Dr. Miller provided a consultative examination and report on Plaintiff dated September 26, 2008.  The ALJ noted that there were some findings suggestive of physical limitations in Dr. Miller's examination, but he also noted that there were also findings suggesting the limitations were not great.  (R. 17-18).  He noted that Dr. Miller concluded "it would be medically necessary for the claimant to use a cane for ambulation." Id. at 18 (citing Ex. C12F (R. 519-23)).  He summarized Dr. Miller's opinion, that although Plaintiff walked with an antalgic gait using a cane, he "would be able to perform adequate dorsiflexion and plantarflexion, grip up to 40 pounds with his right hand and 90 pounds with his left hand, pickup [sic] a coin, write his name, and open a door." Id. at 19.  The ALJ concluded that Dr. Miller's opinions "should be given substantial weight in regard to claimant's work limitations because they are consistent with the record as a whole and not contradicted by the credible opinions of any treating source." Id. at 21.  He stated that he had also considered Dr. Miller's report of examination from December 15, 2006 and found that his condition had improved because the most recent examination did not include symptoms of untreated hypertension or obesity.  (R. 21).

The ALJ noted that Dr. Coleman was a state agency physician who had reviewed the record in May 2008 and had opined that Plaintiff could perform a limited range of light work, limited to standing and/or walking only two hours in a workday; with an

inability to kneel, crouch, or climb ladders, ropes and scaffolds; and the ability to stoop, crawl, or climb ramps and stairs only occasionally.  (R. 19).  He noted that Dr. Warren was a state agency physician who had reviewed the record in October 2008, and had concluded that Plaintiff could perform only a limited range of sedentary work, limited by the inability to climb ladders, ropes, and scaffolds, and the ability to climb ramps and stairs only occasionally.  Id.  The ALJ stated, "Because these opinions were reasonable, based on the evidence, and consistent with the record as a whole, the undersigned has given them significant weight."  Id. at 21.

The ALJ noted that when Plaintiff filed his latest applications in February and March, 2008 he was under the care of Dr. Holdeman as his primary care physician, and Dr. Hartman as a specialist for chronic antibiotic management for his osteomyelitis.  (R. 17).  He noted that Plaintiff had received "maximum medical management" including life-time use of Coumadin for his lupus anticoagulant.  Id.  He noted that in April and July, 2008 Plaintiff complained of continuing leg pain and a need to use a cane for ambulation, but that Plaintiff's physician assistant at Dr. Hartman's office opined that the pain was controlled by medication.  (R. 17).  He recognized Dr. Holdeman's December 18, 2008 opinion that Plaintiff was unable to sit for more than one hour at a time or walk more than one to two blocks without having to stop and rest.  Id. at 18-19.  The ALJ discounted this opinion "since there is no objective evidence in Dr. Holdeman's records other than the statements of the claimant in support of the limitations expressed."  Id. at 19.  The ALJ summarized Dr. Hartman's November 17, 2008 opinion letter, noting Dr.

12

Hartman's opinion that Plaintiff is "functionally limited by pain in his right knee and proximal lower leg that would require him to use a cane for ambulation and frequently change positions and activities after prolonged activity or motionless sitting." Id. at 18. The ALJ discounted Dr. Hartman's opinions because "treatment has been sporadic without examination or test results since October 2006 except for consultations during April and July 2008," and at those consultations there were only "complaints of leg pain which was controlled by medication." Id.

### B. Medical Opinion Evidence Regarding Plaintiff's Use of a Cane.

Although both Plaintiff and the Commissioner provide significant argument respectively that the evidence does, or does not support the ALJ's evaluation of the medical opinions, the court has chosen to focus on the ALJ's handling of the opinion evidence regarding Plaintiff's use of a cane. The court does so because this evidence illustrates the ALJ's error in weighing the opinions and in assessing RFC, and the court finds that this error requires remand for a proper evaluation of the opinions and an explanation of the RFC assessed.

On May 14, 2007, Dr. Hartman's medical assistant noted in a treatment note that Plaintiff was "ambulating w/ cane - gait roughly same as before." (R. 461). On March 8, 2008, Dr. Holdeman signed a Kansas Department of Revenue, Division of Vehicles certification of disability, certifying that Plaintiff "[c]annot walk without the use or assistance from, a brace, cane, crutch, another person, prosthetic device, wheelchair, or other assistive device." (R. 451, 545). On April 21, 2008, Dr. Hartman's physician

assistant stated, "on days when pain is bad, relies on cane for ambulation." (R. 518). In his opinion, dated May 22, 2008, Dr. Coleman stated that Plaintiff "says he can walk one mile with a cane. Does short distances walking without a cane." (R. 508). He stated that "cane usage is not mandatory." (R. 512). Dr. Miller's report of examination four months late on September 26, 2008 states Plaintiff "is ambulating with a cane for past 5 years." (R. 520). Dr. Miller stated, "The cane is a medical necessity for this patient." (R. 521). Dr. Warren reviewed the medical evidence and provided an opinion dated October 10, 2008. (R. 525-32). He noted that Plaintiff "has always walked with a cane/antalgic gait." (R. 526); see also (R. 527) ("Dr. [H]artman says clmt did not improve while on [antibiotics] and he has always walked with a cane"). Dr. Warren noted that "allegations of decreased ability to stand/walk are credible and substantiated by medical evidence" (R. 530), and that "Dr. Hartman treating physician says clmt has had difficulty walking and uses a cane over past few years and walks with antalgic gait." (R. 531); see also (R. 533) (Report of Contact with Dr. Hartman, signed by Dr. Warren, "He says the clmt walks with a cane and has had difficulty walking for several years"). In his opinion letter dated, November 17, 2008, Dr. Hartman stated that Plaintiff is "functionally limited by the pain in his right knee and proximal lower leg. He ambulates with a cane." (R. 540, 549).

### C.   Analysis

The record evidence noted above might be interpreted to indicate that Plaintiff needs to use a cane only when he is walking for more than short distances or only on days when his pain is "bad." It might also be interpreted to indicate that Plaintiff must use a

14

cane to ambulate any time he is not able to move directly from supporting object to supporting object, or is not assisted by another person.  That is not for the court to decide in the first instance.

Dr. Miller stated that the cane is a medical necessity, and the ALJ stated that he gave "substantial weight" to Dr. Miller's opinions "in regard to claimant's work limitations."  (R. 21).  Dr. Coleman opined that Plaintiff can walk one mile with a cane, and short distances without the help of a cane, while Dr. Warren noted that Plaintiff's "allegations of decreased ability to stand/walk are credible and substantiated by medical evidence," and stated that Plaintiff "has always walked with a cane/antalgic gait."  The ALJ stated he gave "significant weight" to both Dr. Coleman's opinion and Dr. Warren's opinion.  (R. 21).  The ALJ assessed Plaintiff with the RFC to "stand and/or walk two hours in an 8-hour workday for periods not exceeding 30 minutes at a time."  (R. 15).  Yet, the ALJ did not make a finding whether the use of a cane is necessary for the Plaintiff.  He did not determine if, or how far or how long, Plaintiff might walk without the assistance of a cane.  He did not determine if Plaintiff is able to carry any objects (and if so, the weight or size of such objects) while he is using a cane.  Yet, such ambiguities in the evidence are the very factual questions which it is the ALJ's duty to resolve.

Social Security Ruling 96-8p instructs that in his decision an ALJ must provide "a narrative discussion describing how the evidence supports each [RFC] conclusion," and that, "The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved."  West's Soc. Sec.

Reporting Serv., Rulings 149 (Supp. 2012).  The ALJ here did not resolve these material inconsistencies and ambiguities in the case record.  For the court to affirm the Commissioner's decision, it would have to resolve these issues, and such a resolution would require <u>post hoc</u> justification of the decision.  Such resolution is contrary to long-standing precedent applicable to judicial review of the decision of any administrative agency.  <u>SEC v. Chenery Corp.</u>, 318 U.S. 80, 93-95 (1943); <u>Allen v. Barnhart</u>, 357 F.3d 1140, 1145 (10th Cir. 2004) (citing <u>Chenery Corp.</u>).  Remand is necessary for the Commissioner to properly evaluate the medical opinions at issue here, to resolve the inconsistencies and ambiguities presented, and to explain whether Plaintiff must use a cane, and the circumstances surrounding such use.  Only then will it be possible for the ALJ to determine whether there are a substantial number of jobs in the economy which Plaintiff can perform with the limitations assessed.

     **IT IS THEREFORE ORDERED** that the Commissioner's decision is REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

     Dated this 22nd  day of August 2012, at Kansas City, Kansas.


                               <u>s:/ John W. Lungstrum</u>
                               **John W. Lungstrum**
                               **United States District Judge**